**Dorel–Marcel BARNUT, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Nos. 03–71191, A77–393–321.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 2004.*

Decided Oct. 28, 2004.

Jagdip Singh Sekhon, Sekhon & Sekhon, PLC, San Francisco, CA, for Petitioner.

R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Terri J. Scadron, Margot L. Nadel, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before KOZINSKI, FERNANDEZ, and CLIFTON, Circuit Judges.

### MEMORANDUM**

Dorel–Marcel Barnut, a native and citizen of Romania, petitions for review of the Board of Immigration Appeals'[1] denial of his application for asylum, withholding of removal, and withholding pursuant to the Convention Against Torture.[2] We grant the petition and remand.

Credibility determinations are upheld "if supported by 'reasonable, substantial and probative evidence' in the record." *See Kaur v. Ashcroft,* 379 F.3d 876, 884 (9th Cir.2004); *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002); *Cordon–Garcia v. INS,* 204 F.3d 985, 990 (9th Cir.2000); *de Leon–Barrios v. INS,* 116 F.3d 391, 393 (9th Cir.1997); *see also INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992). However, we have added that the determination " 'must be supported by a specific, cogent reason.' " *de Leon–Barrios,* 116 F.3d at 393; *see also Gui,* 280 F.3d at 1225.

As we read the IJ's decision, he found that Barnut was not credible and denied asylum on that basis. However, our review of the record convinces us that the IJ's reasons were not both specific and cogent. Thus, we must reject them and determine that Barnut should be deemed credible. However, we will not undertake to decide whether the credible evidence dictates that he is or is not a refugee within the meaning of 8 U.S.C. § 1101(a)(42)(A). We leave that for the BIA (or IJ) in the first instance. *See INS v. Orlando Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 355, 154 L.Ed.2d 272 (2002).

Moreover, because the IJ did not separately discuss withholding of deportation or relief under CAT, we remand those issues along with the asylum issue for determination by the BIA in the first instance. *Id.*

Petition GRANTED, and REMANDED.

KOZINSKI, Circuit Judge, dissenting.

The majority believes that the IJ "found that Barnut was not credible and denied asylum on that basis," Maj. op. at 230, but I don't think this is the most plausible interpretation of what the IJ did. As I read the IJ's decision, he found that Barnut was not, and was not likely to be, persecuted. The IJ noted, for instance, that Barnut's "beatings" were not severe—they caused only "superficial damage." E.R. 93. This finding would have been unnecessary if the IJ were rejecting Barnut's testimony about the beatings altogether; such statements make sense only if the IJ concluded that the mistreatment

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The BIA issued no separate opinion and declared the immigration judge's decision to be the final agency determination. Thus, we

review the IJ's opinion. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003).

2. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, G.A. Res. 39/46, U.N. GAOR, 39th Sess., Supp. No. 51, U.N. Doc. A/RES/39/46 (1984).

was insufficient to establish eligibility for asylum.

The IJ did quote from *Mejia–Paiz v. INS*, 111 F.3d 720 (9th Cir.1997), a case that ultimately turned on credibility. However, the passage he quoted referred both to credibility and to an asylum applicant's statutory burden. *Id.* at 722 ("[T]he petitioner bears the burden of persuading the IJ that his evidence is credible *and* the IJ is entitled to evaluate assertions of past persecution in light of the strength or weakness of such other evidence as the petitioner may present.") (emphasis added) (citation and footnote omitted), *cited in* E.R. 94. The IJ then noted that "there have been a number of occurrences in [Barnut's] life which are very inconsistent with his claims of being ... subject to the 'pattern of persecution' and the dire consequences that he opines if he had to return to Romania." E.R. 94. The word "inconsistent" in this passage could have meant that the IJ didn't believe Barnut, but it could equally well have meant that these experiences—which the IJ believed—were incongruous with or did not support a finding that Barnut was persecuted. When the record supports two interpretations of the IJ's decision, we should not presume, as the majority does, that the IJ meant the erroneous one.

Viewed as a straightforward persecution analysis, rather than a credibility determination, the IJ's decision is supported by substantial evidence. The record supports his findings about the severity of Barnut's mistreatment: He did not seek medical attention and Barnut himself characterized his injuries as "superficial." E.R. 112–13, 115; *see Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995). Moreover, Barnut's difficulties with the government did not keep him from receiving a government education or getting a job with a government clinic. Barnut's reliance on *Gui v. INS*, 280 F.3d 1217, 1227–28 (9th Cir.2002), is misplaced. *Gui* dealt with a different Romania, a command economy in which *all* education was provided by the state. *See id.* ("The IJ failed to note that typically all education under Romania's Communist regime ... was provided by the state. Thus the fact that Mr. Gui's education was state-funded is hardly a surprise."). Now that private educational and employment opportunities are available in Romania, Barnut's ability to secure benefits from the Romanian government certainly bears on whether he was being persecuted by that same government.

\*　　\*　　\*　　\*　　\*　　\*

Because the majority and I read the IJ's opinion so differently, one possibility would be for us to remand so that the IJ can clarify the basis of his ruling. *See Castillo v. INS*, 951 F.2d 1117, 1121 (9th Cir.1991); *Cardoza–Fonseca v. INS*, 767 F.2d 1448, 1455 (9th Cir.1985), *aff'd*, 480 U.S. 421, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). But it probably doesn't matter that the majority instead assumes the IJ found that Barnut was incredible, rejects that decision and remands. If I am correct that the IJ actually decided that Barnut suffered no past persecution, nothing in the majority's remand order will preclude him from doing so again. Thus, while I believe we should deny the petition for review outright, the majority's remand will have no permanent effect on the outcome of the case.